**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN BLANTON** | § | |
| | § | |
| vs. | § | **C.A. NO. 4:25-cv-00026** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 61st Judicial District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1. On November 22, 2024, Plaintiff filed his Original Petition against State Farm Lloyds in the 61st Judicial District Court of Harris County, Texas. The state court cause number is 2024-82602 ("State Court Action"). The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).

2. In accordance with 28 U.S.C. § 1446, State Farm Lloyds files this Notice of Removal to remove the State Court Action from the 61st Judicial District Court in Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
### NATURE OF SUIT

3. Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to him in accordance with a Homeowner Policy for damage to his property caused by a storm that occurred on or about July 8, 2024. *See Plaintiff's Petition at ¶¶ 8, attached as Exhibit B*. Plaintiff asserts causes of action for breach of contract, violations of Texas Prompt Payment of Claims Act, bad faith, and violations of the Texas Insurance Code. *Id. at ¶¶ 13-25*. As addressed in further detail below, State Farm now timely files this Notice of Removal, because there is complete diversity of citizenship between the parties, and Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## III.
### BASIS OF REMOVAL

4. The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of and costs.

5. First, the parties are diverse. At all relevant times, Plaintiff was, and continues to be, a resident of Harris County, Texas. *Plaintiff's Original Petition at ¶ 1*. State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized. *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at

*1 (S.D. Tex. Oct. 31, 2003) (same). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. *See Affidavit of Brant Kaufmann attached as Exhibit A*. Accordingly, State Farm is not a citizen of the State of Texas.

6. Second, Plaintiff seeks to recover damages for State Farm's denial and/or underpayment of the claim. *See Plaintiff's Original Petition at ¶¶ 9-12*. Plaintiff seeks monetary relief of $250,000 or less. *See id. at ¶ 4*. Plaintiff further seeks treble damages under the Texas Insurance Code; statutory interest; attorneys' fees and exemplary damages. *Id. at ¶¶ 15-25*. *See Cano v. Peninsula Island Resort & Spa, LLC*, No. 1:09–121, 2010 WL 1790722, at *3 (S.D. Tex. May 4, 2010) ("punitive and treble damages such as those pled in this case may be considered when computing the amount in controversy"); *Hamilton v. Mike Bloomberg 2020, Inc.*, 474 F. Supp. 3d 836, 843 (N.D. Tex. 2020) (allegation of compensatory damages, punitive damages, and attorneys' fees bound court to hold that "it is more likely than not that the amount in controversy here exceeds the sum or value of $75,000.00, exclusive of interests or costs.").

7. In light of the foregoing, it is indisputable that the amount in controversy in this case exceeds $75,000.00. *See Whitmire v. Bank One, N.A.*, No. Civ. A. H–05–3732, 2005 WL 3465726, at *3 (S.D. Tex. Dec. 16, 2005) (economic damages of $28,188.36, together with unspecified mental anguish, treble damages, and attorney's fees, revealed an amount in controversy over $75,000); *see also Hamilton*, at 843. As such, Plaintiff cannot show that he is legally certain that the recovery will not exceed $75,000.00. *See De Aguilar v Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995), *cert. denied* 516 U.S. 865) ("we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to

show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

## IV.
### REMOVAL PROCEDURES

8. On November 22, 2024, Plaintiff filed his Petition against State Farm Lloyds in the 61st Judicial District Court of Harris County, Texas. *See Petition.* State Farm Lloyds was served on December 6, 2024, and filed its Original Answer on December 27, 2024, and its Amended Answer on January 3, 2025. *See State Farm's Original Answer and Amended Answer, Exhibit B.* This Notice of Removal is being timely filed on January 3, 2024. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm Lloyds received service, *see* 28 U.S.C. § 1446(b)(3), and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(c)(1).

9. The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged and which forms the basis of Plaintiff's lawsuit, is located in Harris County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Harris County. 28 U.S.C. § 1441(a). Harris County is within the jurisdictional limits of the Houston Division. 28 U.S.C. § 124(b)(2).

10. All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit B. In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Harris County District Clerk's Office and served on the Plaintiff.

11. A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

# V.
## PRAYER

12. State Farm respectfully requests that the above-styled action now pending in in the 61st Judicial District Court of Harris County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
holidyefile@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
**James A. Tatem**
State Bar No. 00785086
Federal I.D. No. 16798
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
jtatem@germer.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 3rd day of January, 2025.

Jessica Dent                                           **VIA CM/ECF**
Richard D. Daly
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098

                                                                    */s/ Rett Holidy*
                                                                    **DALE M. "RETT" HOLIDY**