IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN BLANTON, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-25-00026 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

This is one of many first-party homeowners' insurance disputes that follow severe wind and rain or hail storms. Following damage to his home from Hurricane Beryl, the plaintiff, John Blanton, sued the defendant, State Farm Lloyds, for underpaying his insurance claim. (Docket Entry No. 1-2). State Farm has moved for partial summary judgment on Blanton's claims for violation of § 541 of the Texas Insurance Code. (Docket Entry No. 16). Based on the pleadings, the record, the motion, and the applicable law, the court grants the motion for partial summary judgment. The reasons are explained below.

**I.      Background**

On July 8, 2024, Hurricane Beryl hit the Houston area. (Docket Entry No. 16-1 ¶ 5). Four days later, Blanton filed a claim for property damage allegedly caused by the hurricane. (*Id.*). Blanton had previously filed a claim for wind damage on May 16, 2024. (*Id.* ¶ 6). On July 22, 2024, a State Farm adjuster inspected the property with Blanton's contractor present. (*Id.* ¶ 7; Docket Entry No. 16-5 at 6). The adjuster found no new wind damage to Blanton's fence but did find covered wind damage to Blanton's roof. (Docket Entry No. 16-1 ¶ 7). No damage to the interior was reported, although Blanton had asserted in his claim that there was some interior

damage and that he had put buckets underneath where the water was coming into the house. (Docket Entry No. 17-1 at 7, 9).

On July 25, 2024, State Farm issued its decision letter that Blanton was entitled to $2,416 in replacement cost benefits. (Docket Entry No. 16-1 ¶ 8). State Farm calculated this amount by subtracting the deductible from Blanton's roof-replacement costs. (Docket Entry No. 16-1 ¶ 8). On August 12, 2024, State Farm received a demand letter from Blanton's attorney stating that the covered property damage was $35,000, although no description of the alleged damages was included in the letter. (*Id.* ¶ 9). Blanton did not respond to State Farm's attempts to contact him to ask him about the difference. (*Id.*).

On November 22, 2024, Blanton sued State Farm in Texas state court. (Docket Entry No. 1-2). Blanton asserted claims for breach of contract and violations of the Prompt Payment of Claims Statute and of Chapter 541 of the Texas Insurance Code. (*Id.* ¶¶ 13–22). State Farm now moves for partial summary judgment on Blanton's claims for violations of Chapter 541. (Docket Entry No. 16). In response, Blanton waives his claim for violation of § 541.061 but asserts that there remain genuine factual disputes material fact to his claims under § 541.060. (Docket Entry No. 17).

## II. The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the

2

evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

### III.   Analysis

Blanton brings his claims under multiple subsections of § 541.060. Although he does not identify the subsections at issue in his complaint, his claims appear to be that State Farm:

1. Misrepresented to him a material fact or policy provision relating to coverage at issue, in violation of § 541.060(a)(1);
2. Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear, in violation of § 541.060(a)(2)(A);
3. Failed to promptly provide to him a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim, in violation of § 541.060(a)(3);
4. Failed within a reasonable time to affirm or deny coverage of a claim to him or submit a reservation of rights to him, in violation of § 541.060(a)(4); and
5. Refused to pay the claim without conducting a reasonable investigation with respect to the claim, in violation of § 541.060(a)(7).

(Docket Entry No. 1-2 ¶¶ 17–22). State Farm moves for summary judgment on the grounds that there is no evidence that State Farm engaged in any of the wrongful conduct listed in Blanton's petition and that the evidence shows only a bona fide dispute that cannot support a claim under § 541.060. (Docket Entry No. 16 at 5).

The court grants summary judgment to State Farm on all the § 541.060 claims. First, as to the § 541.060(a)(1) claim, Blanton has pointed to no relevant misrepresentation. To the extent that Blanton is relying on State Farm's now-disputed assertion that there was no interior damage, that is not a misrepresentation about the policy but rather about the facts that caused the claim, and not the kind of misrepresentation that is actionable under § 541.060(a)(1) under the majority

3

interpretation of the statute.[1] *See Goyen v. Prop. & Cas. Ins. Co. of Hartford*, No. 3:24-cv-03024, 2025 WL 2592526, at *4–5 (N.D. Tex. Sep. 6, 2025) (granting a motion to dismiss because the plaintiff's assertion that the premises were not "properly inspected" and that the insurer's payment was insufficient could not state a claim under § 541.060(a)(1)); *see also Abood Grp., Inc. v. Hartford Underwriters Ins. Co.*, No. 3:23-CV-01838, 2024 WL 4378437, at *4 (N.D. Tex. June 10, 2024) (explaining that under the majority interpretation of this provision, "only misrepresentations about the 'details of a policy, not the facts giving rise to a claim for coverage,' are actionable under Section 541.060(a)(1)" (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014))).

Next, the § 541.060(a)(2)(A) claim—often referred to as a "bad faith claim." *Olschwanger v. State Farm Lloyds*, No. 4:19-CV-00933, 2021 WL 3877689, at *6 (E.D. Tex. July 30, 2021), *report and recommendation adopted*, 2021 WL 3858061 (E.D. Tex. Aug. 30, 2021). To recover on this claim, "the insured must establish the absence of a reasonable basis for denying or delaying payment of the claim, and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim." *Id*. Similarly, § 541.060(a)(7) claims "require the insured to demonstrate that the insurer acted in bad faith in denying an insurance claim." *Neito v. State Farm*, 722 F. Supp. 3d 653, 658 (S.D. Tex. 2024). "At the summary judgment stage, the evidence supporting bad faith must be 'reasonably clear', rather than simply revealing a 'bona fide coverage dispute.'" *Id.* (quoting *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 342 (5th Cir. 2018).

---

[1] Blanton does not clearly argue that the minority interpretation should apply; like State Farm, Blanton does make any specific arguments as to the particular subsections of §541.060 but rather argues generally that State Farm violated § 541.060 by improperly handling his claim. As in *Goyen*, "because no party advocates for the minority interpretation, the [c]ourt will apply the majority interpretation." 2025 WL 2592526, at *4.

4

The evidence here shows that State Farm did not deny Blanton's claim. Instead, State Farm sent a decision letter and payment for what State Farm calculated as the covered repair costs less the deductible. These were sent to Blanton less than fourteen days after Blanton reported his claim. When State Farm received a letter stating that Blanton believed his claim was handled erroneously, it tried to assist Blanton, but he did not respond other than by filing this lawsuit. State Farm also concluded that the deck and fence damage were from a different incident and claim, not the Hurricane Beryl damage claim. Clayton Boone, Blanton's contractor, testified that the fence and deck he built in May 2024 needed no further repairs. (Docket Entry No. 16-5 at 6). Although Blanton now asserts that State Farm ignored interior water damage, Boone testified that although he disagreed with State Farm's findings, there was nothing the adjuster did at the July 22, 2024, inspection that he believed was inappropriate or incorrect. (Docket Entry No. 16-5 at 6). In short, there is no "reasonably clear" evidence of bad faith.

Finally, as to the § 541.060(a)(3) and (a)(4) claims, Blanton has pointed to no facts to support an argument that State Farm violated these sections by failing to reasonably explain its denial of Blanton's claim or its offer of a compromise settlement, or that State Farm did not affirm its coverage of Blanton's claim promptly. "Sections 541.060(a)(3) and (a)(4) focus on the adequacy and timeliness of communications, not the reasonableness of coverage decisions." *Hansen v. State Farm Lloyds*, No. 4:22-CV-03833, 2025 WL 963079, at *6 (S.D. Tex. Mar. 28, 2025). Blanton argues only that State Farm's claim decision "was based on selectively gathered information, not a fair evaluation of the evidence." (Docket Entry No. 17 at 6). There are no arguments nor factual assertions that State Farm's communications were inadequate and untimely, only that Blanton believed its decision was unreasonable.

5

...

**IV.     Conclusion**

The court grants State Farm's motion for partial summary judgment. (Docket Entry No. 16). The case will proceed as to the remaining claims.

SIGNED on February 21, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge